IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| KEVIN E. HERRIOTT, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:19-cv-00803-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WAYNE MCCABE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on plaintiff Kevin Herriott's ("Herriott") motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Herriott is a state prisoner seeking relief pursuant to 28 U.S.C. § 2254. Herriott filed a petition for writ of habeas corpus on March 18, 2019. ECF No. 1. He amended his petition twice, with the operative petition being his second amended petition. ECF No. 22. The magistrate judge issued a report and recommendation ("R&R") that recommended dismissal of Grounds 1–3 of Herriott's petition, leaving only Ground 4, an ineffective assistance of counsel claim. ECF No. 24. The court entered an order affirming the R&R. ECF No. 30.

On September 3, 2019, respondent Wayne McCabe ("McCabe") filed a return and motion for summary judgment. ECF Nos. 54–55. After the motion for summary judgment was fully briefed and after Herriott filed various other motions, the magistrate judge issued an R&R denying Herriott's motion to produce and recommending that McCabe's motion for summary judgment be granted and Herriott's other motions be

1

denied as moot. ECF No. 91. On February 28, 2020, the court issued an order affirming the R&R, granting McCabe's motion for summary judgment, finding as moot the remaining motions, and denying a certificate of appealability. ECF No. 97.

On March 11, 2020, Herriott filed a notice of appeal, ECF No. 101, and on March 19, 2020, Herriott filed a motion for relief from judgment pursuant to Rule 60(b)(1), ECF No. 108. On July 28, 2020, the Fourth Circuit ordered a limited remand and directed this court to promptly consider Herriott's motion. ECF No. 117. McCabe filed a response to Herriott's motion on August 3, 2020. ECF No. 122. Herriott filed his reply brief on August 14, 2020. ECF No. 124. Therefore, the motion is ripe for review.

## II.  STANDARD

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id.

## III.  DISCUSSION

The court found that summary judgment in favor of McCabe was warranted because Herriott's petition was time-barred by the statute of limitations and because Herriott failed to prove his claim of actual innocence that would excuse his untimely petition. In his motion for relief from judgment, Herriott does not address either of these

issues but instead takes issue with the court's denial of a certificate of appealability. He argues that pursuant to 28 U.S.C. § 2255(a), "he attacks his sentence upon the grounds that the sentence was imposed in violation of the Constitution and laws of the United States." ECF No. 108 at 2. However, as McCabe notes, § 2255(a) only provides relief to prisoners who are serving a sentence imposed by a federal court. Herriott is serving a sentence imposed by a state court. Therefore, § 2255(a) can provide no relief to Herriott.

Herriott next explains that he "used AEDPA's deferential standard of review to demonstrate his conviction was obtained in violation of the Constitution and laws or treaties of the United States," citing 28 U.S.C. § 2254(d). Id. This argument does not address the reason why the court granted McCabe's motion for summary judgment: Herriott's petition is untimely. Herriott also appears to argue that there are genuine issues of material fact as to whether

> he is actually innocent, his lawyer was ineffective as counsel, there were [sic] evidence not available at trial prior to [Herriott] pleaded [sic] guilty based on counsel['s] erroneous advice, he diligently sought his appeal, evidence revealed a manifest injustice, the ninth (9) Judicial Circuit did not have the subject-matter jurisdiction to act deciding [Herriott]'s case, the prosecution proffered bias and perjured testimonies, and there were multiple clerical mistakes.

Id. Pursuant to the court's June 4, 2019 order, Herriott's only remaining claim is his claim for ineffective assistance of counsel, meaning most of the issues Herriott mentioned are irrelevant. And again, the court cannot reach the merits of Herriott's claim if Herriott's petition is untimely, and the court concluded it was.

The only issue mentioned by Herriott that relates to court's timeliness holding is that he is actually innocent, as a claim of actual innocence can save a time-barred habeas petition. The Supreme Court has cautioned "that tenable actual-innocence gateway pleas

3

are rare" because a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  In his motion, Herriott simply asserts that "he is actually innocent," ECF No. 108 at 2, and as the R&R explained, Herriott's argument on this point in the summary judgment briefing simply consisted Herriott's version of the events leading up to the shooting of the victim in this case and relied on no new evidence.

In his reply brief, Herriott argues that he "was not time-barred when clearly the district court failed to equitable tolled [sic] Petitioner's Writ" because the court "reached its decision based on clearly erroneous law when ruling on the Respondent's Motion for Summary Judgment."  ECF No. 124 at 7.  Herriott contends that the court was required to deny summary judgment because he did not have a sufficient opportunity to discover information essential to his opposition.  This argument is unavailing.  First, any argument that the court committed a clear error of law must be made pursuant to Federal Rule of Civil Procedure 59(e); see also Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) ("Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotations omitted)).  Even if the court were to construe Herriott's argument as a motion under Rule 59(e), the motion would be untimely, as Herriott's reply brief was filed much later than 28 days after entry of judgment.  See Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within 28 days of entry of judgment).  Second, Herriott fails to articulate how any additional discovery would save his time-barred

petition. In other words, even if the court had denied summary judgment so that discovery could proceed,[1] Herriott does not explain how discovery would produce any evidence that would show that he is actually innocent or otherwise excuse the untimeliness of his petition. Therefore, the court finds that Herriott is not entitled to the relief he seeks.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 17, 2020**
**Charleston, South Carolina**

---

[1] A petitioner in habeas proceedings is not automatically entitled to conduct discovery. Instead, the petitioner must first make a showing of good cause. Thomas v. Taylor, 170 F.3d 466, 474 (4th Cir. 1999) (citing R. Governing Section 2254 Cases 6(a)).

5